1  Patric A. Lester (SBN 220092)
   PL@lesterlaw.com
2  Lester & Associates
   5694 Mission Center Road, #358
3  San Diego, CA 92108
   Phone: (619) 665-3888
4  Fax: (314) 241-5777

5  Scott M. Grace  (SBN 236621)
   sgrace@lawlh.com
6  Luftman, Heck & Associates, LLP
   501 West Broadway, Ste. 800
7  San Diego, CA 92101
   Phone: 619-400-4900
8  Fax:  619-923-3661

9  Attorneys for Plaintiff Drew Hill

10        **IN THE UNITED STATES DISTRICT COURT**
          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
11

12  DREW HILL,                          )     Case No.:  **'12 CV 0906 MMA BLM**
                                        )
13              Plaintiff,              )
                                        )
14       vs.                            )     COMPLAINT
                                        )
15  MACY'S, INC., MACY'S CREDIT AND     )     DEMAND FOR JURY TRIAL
    CUSTOMER SERVICES, INC. and         )
16  DEPARTMENT STORES NATIONAL          )
    BANK                                )
17                                      )
                Defendant.              )
18  _____ )

19

20                       **INTRODUCTION**

21       1.      This is an action for actual damages, statutory damages, attorney fees and costs

22  brought by an individual consumer, Drew Hill, (hereinafter "Plaintiff") for Macy's, Inc., Macy's

23  Credit And Customer Services, Inc., And Department Stores National Bank  (unless specified

24  individually, hereinafter "Defendant" or "Defendants") violations of the Rosenthal Fair Debt

25  Collection Practices Act, *California Civil Code § 1788 et seq.* (hereinafter "the Rosenthal Act")[1]

26  which prohibit debt collectors from engaging in abusive, deceptive and unfair practices and the

27

28  _____
    [1] All undesignated section references to §1788 are to the Rosenthal Act

                                    1
                              COMPLAINT

1  Telephone Consumer Protection Act, *47 U.S.C. §277* et seq, (hereinafter "TCPA")[2] which

2  prohibits the making of unconsented to phone calls to cell phones.

3        2.     Plaintiff makes these allegations on information and belief, with the exception of

4  those allegations that pertain to Plaintiff, or to plaintiff's counsel, which Plaintiff allege on

5  personal knowledge.

6        3.     While many violations are described below with specificity, this Complaint

7  alleges violations of the statutes cited in their entirety.

8  **JURISDICTION AND VENUE**

9        4.     This action arises out of Defendant's violations of the Rosenthal Act and TCPA.

10        5.     Jurisdiction arises pursuant to *28 U.S.C. § 1391, 1337, 47 U.S.C. §277 et seq.* and

11  *28 U.S.C. §1367* for supplemental state claims.

12        6.     Venue is proper in this Court pursuant to *28 U.S.C. § 1391.* a substantial portion

13  of the wrongdoing alleged in this Complaint occurred in  San Diego County, California which is

14  within the Southern District of California

15        7.     The Court has personal jurisdiction over Defendants because, Defendants are

16  authorized to do business in California, have sufficient minimum contacts with California, and

17  otherwise intentionally avail themselves of the markets in California through the promotion,

18  marketing and sale of merchandise, and collection of debts in California, sufficient to render the

19  exercise of jurisdiction by this Court permissible under traditional notions of fair play and

20  substantial justice.

21  **THE PARTIES**

22        8.     Plaintiff is a natural person residing in San Diego County, California.

23        9.     Plaintiff is a "consumer" within the meaning of *§ 1692a(3)* in that he is a natural

24  person purportedly obligated to pay a second mortgage debt, allegedly owed to Macy's

25  (hereinafter "Debt").

26        10.    Plaintiff is a "debtor" as that term is defined by *§1788.2(h)*.

27

28

---

[2] All undesignated section references to 47 U.S.C. §277 are to the TCPA

11.     Plaintiff is a "person" as defined by *47 U.S.C. §153(10).*

12.     Defendant Macy's, Inc. is a Delaware corporation with its primary headquarters operations at 7 West Seventh Street, Cincinnati, Ohio 45202. Macy's, Inc. owns and operates department stores nationwide under the Macy's and Bloomingdale's names. Macy's, Inc. has more than 50 million proprietary charge accounts on record.

13.     Defendant Macy's Credit and Customer Services, Inc., located at 9111 Duke Boulevard, Mason, Ohio, is a subsidiary of Macy's, Inc. that provides credit processing and collections services for credit card accounts used to purchase merchandise at department stores owned and operated by Macy's, Inc.

14.     Defendant Department Stores National Bank, located at 701 East 60th Street, Sioux Falls, South Dakota, issued Plaintiffs' Macy's charge card, and is identified as the creditor on Plaintiffs' monthly Macy's Star Rewards account statements.

15.     At all times described herein, Defendants, and each of them, were acting on their own behalf and as the agents, servants, partners, joint venturers, and employees of each other, and within the scope of their agency, authority and employment.

16.     At all times relevant herein, Defendants, were engaged, by use of the mails and telephone in the business of collecting consumer debts as defined by *§ 1788.2(f)*. Defendants regularly attempt to collect debts alleged to be due themselves or another and are therefore debt collectors within the meaning of *§1788.2(c)*.

## FACTUAL ALLEGATIONS

17.     At all times herein, Defendants, were attempting to collect, from Plaintiff, a consumer debt as defined by *§ 1788.2(f)* of the Rosenthal Act.

18.     Prior to November 1, 2011, Plaintiff allegedly fell behind in the payment allegedly owed on the alleged debt. Plaintiff currently neither admits nor denies that the debt is valid.

19.     Prior to November 1, 2011, the alleged debt was assigned, placed or otherwise transferred to Defendant for collection.

20.      Defendants have constantly, continuously and intentionally placed collection

1    calls to Plaintiff causing the phone to ring repeatedly or continuously, seeking and demanding

2    payment for an alleged debt with the intent to annoy, abuse and/or harass him in violation of

3    *§1788.11(d)*.

4        21.     Defendants communicated by telephone with the Plaintiff with such frequency as

5    to be unreasonable and to constitute harassment in violation of *§1788.11 (e)*.

6        22.     Beginning on or about December 15, 2011, and on multiple occasions since that

7    time, Defendant contacted Plaintiff on his cellular telephones via an "automatic telephone dialing

8    system," as defined by *47 U.S.C. §227(a)(1)*.

9        23.     During these telephone calls Defendant used "an artificial or prerecorded voice"

10    as prohibited by *47 U.S.C. §227(b) (1) (A)*.

11        24.     These telephone calls constituted calls that were not for emergency purposes as

12    defined by *47 U.S.C. §227(b) (1) (A) (i)*.

13        25.     Plaintiff did not provide prior express consent to receive calls on her cellular

14    telephone, pursuant to *47 U.S.C. §227(b) (1) (A)*.

15        26.     These telephone calls by Defendant violated *47 U.S.C. §227(b) (1)*.

16        27.     Defendant's misconduct in placing calls to Plaintiff's cell phone was willful and

17    knowing, and the Court should treble the amount of statutory damages recoverable to Plaintiff

18    pursuant to *47 U.S.C. §227(b)(3)(C)*.

19        28.     Plaintiff was harmed by the acts of Defendants including but not limited to the

20    following ways: Defendant calls to Plaintiff's cellular phone caused Plaintiff  to incur certain

21    cellular telephone charges or reduce cellular telephone time for which Plaintiff  previously paid,

22    By calling him in the early morning while he was still asleep repeatedly and continuously with

23    the intent to annoy, abuse and/or harass him caused him stress, anxiety, loss of sleep and

24    resulting overall diminished abilities to carry on his activities of daily living.

25        29.     The communications were debt collections as defined in *§1788.2(b)*.

26                                 **FIRST CLAIM FOR RELIEF**

27                           **(Claim for violations of the Rosenthal Act)**

28        30.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations

1   contained in the paragraphs above.

2       31.     The foregoing acts and omissions of Defendants constitute numerous and multiple

3   violations the Rosenthal Act.

4       32.     Plaintiff is entitled to an award of actual damages in accordance with proof at

5   trial, pursuant to *§1788.30(a)* of the Rosenthal Act;

6       33.     Plaintiff is entitled to statutory damages of $1000.00 under *§ 1788.30(b)* of the

7   Rosenthal act for Defendant violations of *§1788.11 (e)*.

8       34.     Plaintiff is also entitled to attorney's fees and costs for violations of the Rosenthal

9   Act under *§1788.30(c)*.

10                          **SECOND CLAIM FOR RELIEF**

11              **(Negligent Violations Of The Telephone Consumer Protection Act)**

12      35.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint

13  as though fully stated herein.

14      36.     The foregoing acts and omissions of Defendants constitute numerous and multiple

15  negligent violations of the TCPA, including but not limited to each and every one of the above-

16  cited provisions of *47 U.S.C. §227 et seq*.

17      37.     As a result of Defendants' negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff

18  is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to

19  *47 U.S.C. §227(b) (3) (B)*.

20      38.     Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in

21  the future.

22                          **THIRD CLAIM FOR RELIEF**

23      **(Knowing And/Or Willful Violations Of The Telephone Consumer Protection Act)**

24      39.     Plaintiff incorporates by reference all of the above paragraphs before his Second

25  Count for Relief as though fully stated herein.

26      40.     The foregoing acts and omissions of Defendants constitute numerous and multiple

27  knowing and/or willful violations of the TCPA, including but not limited to each and every one

28  of the above-cited provisions of *47 U.S.C. §227 et seq*.

41.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and for Plaintiff, and pray for the following relief:

(1)     Assume jurisdiction in this proceeding;

(2)     Declare that the Defendants violated the Rosenthal Act;

(3)     Declare that the Defendants violated the TCPA;

(4)     Award of actual damages in accordance with proof at trial, pursuant to §*1788.30(a)* of the Rosenthal Act;

(5)     Award of statutory penalty of $1,000.00 pursuant to *§ 1788.30(b)* of the Rosenthal Act;

(6)     Award of the costs of litigation and reasonable attorney's fees, pursuant to *§ 1788.30(c)* of the Rosenthal Act;

(7)     Award of statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*

(8)     Award of statutory damages of $500.00 for each and every negligent violation of the TCPA, pursuant to *47 U.S.C. §227(b) (3) (B)*

(9) Such other and further relief this court may deem just and proper.

## **TRIAL BY JURY**

42.     Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Lester & Associates

April 12, 2012                    */s/Patric A. Lester*
Dated                              By Patric A. Lester
                                   Attorney for Plaintiff,
                                   DREW HILL

COMPLAINT

✎JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

**12CV0906 MMABLM**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

DREW HILL

**DEFENDANTS**

MACY'S, INC, a Delaware corporation

**(b)**  County of Residence of First Listed Plaintiff    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Patric A. Lester, Lester & Associates, 5694 Mission Center Rd. #358,

San Diego, Ca., 92108                    (619)-665-3888

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | | **LABOR** | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 790 Other Labor Litigation | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | **Habeas Corpus:** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

Notes under TORTS:
**PERSONAL INJURY** — ☐ 362 Personal Injury - Med. Malpractice, ☐ 365 Personal Injury - Product Liability, ☐ 368 Asbestos Personal Injury Product Liability
**PERSONAL PROPERTY** — ☐ 370 Other Fraud, ☐ 371 Truth in Lending, ☐ 380 Other Personal Property Damage, ☐ 385 Property Damage Product Liability

Under LABOR: ☐ 791 Empl. Ret. Inc. Security Act

## V. ORIGIN    (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
47 U.S.C. §277 et seq.   28:1331- Federal Question

Brief description of cause:
Violations of TCPA and California Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $  75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE                         SIGNATURE OF ATTORNEY OF RECORD

April 12, 2012              /s/ Patric A. Lester

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.      (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.      Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.      Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.      Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.      Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.      Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.                    Example:                    U.S. Civil Statute: 47 USC 553
                                            Brief Description: Unauthorized reception of cable service

**VII.      Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.      Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.